**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| CATHERINE CHRISTINE MCKEE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:23-CV-1407 HEA |
| ) | |
| BUSEY BANK, ) | |
| ) | |
| Defendant. ) | |

**OPINION, MEMORANDUM AND ORDER**

This matter comes before the Court on its own motion. Pro se plaintiff Catherine McKee has filed this civil action against Busey Bank for fraud and purported violations of her civil rights. Before the Court are her motions to proceed in forma pauperis and for appointment of counsel. For the reasons discussed below, the Court will grant plaintiff's motion to proceed in forma pauperis, deny her motion for appointment of counsel and order plaintiff to show cause why this action should not be dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B).

**Legal Standard on Initial Review**

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed in forma pauperis (or without prepayment of court fees and costs) if it is frivolous, is malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief.  To state a claim for relief, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the

court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. *Id.* at 679.

An action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). While federal courts should not dismiss an action commenced *in forma pauperis* if the facts alleged are merely unlikely, the court can properly dismiss such an action as factually frivolous if the facts alleged are found to be "clearly baseless." *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992) (citing *Neitzke,* 490 U.S. at 327). Allegations are clearly baseless if they are "fanciful," "fantastic," "delusional," or if they "rise to the level of the irrational or the wholly incredible." *Id.*

When reviewing a complaint filed by a self-represented person under 28 U.S.C. § 1915, the Court accepts the well-plead facts as true, *White v. Clark*, 750 F.2d 721, 722 (8th Cir. 1984), and liberally construes the complaint. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the plaintiff's complaint in a way that permits his or her claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). However, even self-represented complainants are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980); *see also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (refusing to supply additional facts or to construct a legal theory for the self-represented plaintiff that assumed facts that had not been pleaded).

## The Complaint

Plaintiff, an eight-eight (88) year-old citizen of the State of Missouri, with an address at 8085 Glen Arbor Drive in Lake St. Louis, Missouri, is a self-represented litigant who has filed a civil action against Busey Bank for fraud under Missouri state law. Plaintiff additionally claims that Busey Bank engaged in "civil rights violation, Housing Discrimination, civil rights act of 1965 violation, violation of the 14th Amendment." Plaintiff, however, has not sufficiently elaborated on her claims for discrimination or fraud such that the Court is able to ascertain her claims for relief.

Plaintiff alleges that Busey Bank "discriminated" against her by forcing her to pay them money" that "they are not entitled to." She asserts that she has been discriminated against because of her race, as well as her age. She claims that although she has been paying on her home mortgage for twenty-one (21) years, she still owes approximately $119,734.48 on her mortgage currently. Plaintiff believes that after paying on her mortgage for twenty-one (21) years she should be judicially construed as having paid her mortgage off, and not be subject to "harassment" or be stressed or threatened with foreclosure.[1]

Additionally, plaintiff claims that Busy Bank caused her to file for bankruptcy in 2023, and plaintiff notes that defendant's purported actions have caused her heart trouble, mental and emotional distress, loss of money, and the bank has consistently threatened her with foreclosure on her home. Attached to plaintiff's complaint is what plaintiff refers to as a "Loan Modification Agreement," which she indicates she entered in March of 2017, with defendant. Plaintiff claims that the agreement allows for her to pay $861.42 per month rather than the monthly payment currently demanded by defendant. The Court, however, is unable to read the agreement that

---

[1] Plaintiff does not indicate that she is currently undergoing foreclosure proceedings, and a review of Missouri.Case.Net does not show that any such proceedings have been brought against her.

plaintiff has attached to her complaint due to copying issues. Plaintiff has additionally attached to her complaint the newest mortgage statement/bill from Busey bank which indicates that her regular monthly payment amount is $1,210.54.[2]

The Court takes judicial notice of plaintiff's Chapter 13 bankruptcy action filed in the United State Bankruptcy Court for the Eastern District of Missouri. *See In re McKee*, No. 23-40802 (E.D. Mo. B.R. June 6, 2023). The Court has reviewed the docket in the bankruptcy action and acknowledges that plaintiff listed the value of her home as approximately $350,000 in her petition to the bankruptcy court. Additionally, she listed her home mortgage as a debt in her Chapter 13 bankruptcy petition, in an amount of $131,893.00 to debtor Shell Point Mortgage Servicing. The bankruptcy court, however, did not discharge this debt during the Chapter 13 proceedings. *Id.*

## Discussion

The Court has carefully reviewed and liberally construed plaintiff's complaint and concludes that none of the allegations the Court can decipher state a plausible claim for relief as set forth in the complaint. The Federal Rules of Civil Procedure require litigants to formulate their pleadings in an organized and comprehensible manner, setting out their alleged claims and the facts supporting those claims as to each defendant in a simple, concise, and direct manner. *See* Fed. R. Civ. P. 8, 10. Even self-represented litigants are obligated to abide by these Rules. *McNeil v. United States*, 508 U.S. 106, 113 (1993). Here, plaintiff has not done so.

Plaintiff's complaint fails to identify any facts which would give rise to any action against Busey Bank. Nowhere in the complaint does plaintiff set forth a short and plain statement of what she claims entitles her to relief as required by Rule 8 of the Federal Rules of Civil Procedure.

---

[2]The current bill from Busey Bank seeks an amount of $2,572.14 from plaintiff. It appears that plaintiff is in arrears on her mortgage payment.

Although plaintiff claims that she is alleging fraud and discrimination based on her race and age, she does not indicate the basis for her claims. In other words, she does not allege what Busey Bank purportedly did to her, and when, that she believes violated Missouri fraud laws and/or federal discrimination statutes.

Because plaintiff has failed to articulate any facts in her complaint, the Court is unable to ascertain what plaintiff is attempting to claim as a viable cause of action or what claim or claims she is alleging against Busey Bank. Plaintiff has included no facts which would plausibly notify Busey Bank of the actual claim against it. Although the Court is to give plaintiff's complaint the benefit of a liberal construction, the Court will not create facts or construct claims. *See Stone*, 364 F.3d at 914-15 (refusing to supply additional facts or to construct a legal theory for a self-represented plaintiff).

In addition, the Court finds plaintiff's factual assertions that she does not owe a mortgage at this time to Busey Bank to be baseless based on the representations plaintiff made to the Bankruptcy Court in this District, as well as the documents plaintiff has attached to her complaint. *See Denton*, 504 U.S. at 32-33. As best the Court can decipher, plaintiff is alleging that she no longer owes a mortgage to Busey Bank. However, that is not what she alleged in her bankruptcy proceedings in this District that occurred just five months ago. In that proceeding plaintiff alleged that she owed debtor Shell Point Mortgage Servicing an amount of $131,893.00 for her mortgage at 8085 Glen Arbor Drive in Lake St. Louis, Missouri, with an approximate monthly payment of $1,300 per month, including insurance and household expenses. *See In re McKee*, No. 23-40802 (E.D. Mo. B.R. June 6, 2023).

For these reasons, the Court will require plaintiff to show cause why this action should not be dismissed as frivolous and/or for failure to state a claim upon which relief may be granted. 28

5

U.S.C. § 1915(e)(2)(B).

## Motion for Appointment of Counsel

Plaintiff has filed a motion to appoint counsel. The motion will be denied at this time. In civil cases, a pro se litigant does not have a constitutional or statutory right to appointed counsel. *Ward v. Smith*, 721 F.3d 940, 942 (8th Cir. 2013); *see also Stevens v. Redwing*, 146 F.3d 538, 546 (8th Cir. 1998) (stating that "[a] pro se litigant has no statutory or constitutional right to have counsel appointed in a civil case"). Rather, a district court may appoint counsel in a civil case if the court is "convinced that an indigent plaintiff has stated a non-frivolous claim…and where the nature of the litigation is such that plaintiff as well as the court will benefit from the assistance of counsel." *Patterson v. Kelley*, 902 F.3d 845, 850 (8th Cir. 2018). When determining whether to appoint counsel for an indigent litigant, a court considers relevant factors such as the complexity of the case, the ability of the pro se litigant to investigate the facts, the existence of conflicting testimony, and the ability of the pro se litigant to present his or her claim. *Phillips v. Jasper Cty Jail*, 437 F.3d 791, 794 (8th Cir. 2006).

After reviewing these factors, the Court finds that the appointment of counsel is not warranted. Plaintiff has demonstrated, at this point, that she can adequately present her claims to the Court. Additionally, neither the factual nor the legal issues in this case appear to be complex. The Court will entertain future motions for appointment of counsel as the case progresses.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [ECF No. 2] is **GRANTED.**

**IT IS FURTHER ORDERED** that plaintiff shall show cause within twenty-one (21) days of the date of this Opinion, Memorandum and Order why this matter should not be dismissed as frivolous and for failure to state a claim. *See* 28 U.S.C. § 1915(e)(2)(B).

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel [ECF No. 3] is **DENIED at this time.**

**IT IS FURTHER ORDERED** that plaintiff's failure to respond to the Court's Order in a timely manner will result in a dismissal of this action, without prejudice.

Dated this 6th day of November, 2023.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE