**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

CATHERINE CHRISTINE MCKEE,    )
                                       )
    Plaintiff,                   )
                                       )
    v.                        )      No. 4:23-CV-1407 HEA
                                       )
BUSEY BANK,               )
                                       )
    Defendant.            )
                                       )

## <u>OPINION, MEMORANDUM AND ORDER</u>

This matter is before the Court upon review of plaintiff's complaint and the response to the Order to Show Cause issued on November 6, 2023. *See* ECF No. 4. Plaintiff filed her response to the Order to Show Cause on November 22, 2023. [ECF No. 5]. For the reasons discussed below, the Court will dismiss plaintiff's complaint pursuant to 28 U.S.C. § 1915(e)(2)(B).

### Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief may be granted. An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief may be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial

experience and common sense. *Id*. at 679. The court must assume the veracity of well-pleaded facts but need not accept as true "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* at 678 (citing *Twombly*, 550 U.S. at 555).

This Court must liberally construe complaints filed by laypeople. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). This means that "if the essence of an allegation is discernible," the court should "construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)). However, even self-represented complaints must allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). Federal courts are not required to assume facts that are not alleged, *Stone*, 364 F.3d at 914-15, nor are they required to interpret procedural rules in order to excuse mistakes by those who proceed without counsel. *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

**Background**

On November 3, 2023, self-represented plaintiff Catherine McKee filed this case against defendant Busey Bank. Plaintiff is an eighty-eight (88) year-old, black citizen of the State of Missouri, with an address at 8085 Glen Arbor Drive in Lake St. Louis, Missouri.

She sues Busey Bank for "civil rights violations," "Housing Discrimination," under the "Civil Rights Act of 1965,"[1] and for fraud under Missouri state law, as well as for purported due process and/or equal protection violations under the Fourteenth Amendment. Plaintiff, however,

---

[1] The Court believes that plaintiff is referring to Title VI of the Civil Rights Act of 1964.

has not sufficiently elaborated on her claims for discrimination, fraud or due process/equal protection violations such that the Court is able to ascertain her claims for relief.

Plaintiff alleges that Busey Bank "discriminated" against her by forcing her to pay them money" that "they are not entitled to." She asserts that she has been discriminated against because of her race, as well as her age. She claims that although she has been paying on her home mortgage for twenty-one (21) years, she still owes approximately $119,734.48 on her mortgage currently. Plaintiff believes that after paying on her mortgage for twenty-one (21) years she should be judicially construed as having paid her mortgage off, and not be subject to "harassment" or be stressed or threatened with foreclosure.[2]

Additionally, plaintiff claims that Busy Bank caused her to file for bankruptcy in 2023, and plaintiff notes that defendant's purported actions have caused her heart trouble, mental and emotional distress, loss of money, and the bank has consistently threatened her with foreclosure on her home. Attached to plaintiff's complaint is what plaintiff refers to as a "Loan Modification Agreement," which she indicates she entered in March of 2017, with defendant. Plaintiff claims that the agreement allows for her to pay $861.42 per month rather than the monthly payment currently demanded by defendant.[3] Plaintiff has additionally attached to her complaint the newest

---

[2]Plaintiff does not indicate that she is currently undergoing foreclosure proceedings, and a review of Missouri.Case.Net does not show that any such proceedings have been brought against her.

[3]Although the Court was unable to read the Loan Modification Agreement attached to the complaint due to copying issues, plaintiff attached 150 pages of documents to her response brief, including a second copy of the Loan Modification Agreement. The Court was able to read the second copy.

mortgage statement/bill from Busey bank which indicates that her regular monthly payment amount is $1,210.54.[4]

The Court takes judicial notice of plaintiff's Chapter 13 bankruptcy action filed in the United State Bankruptcy Court for the Eastern District of Missouri. *See In re McKee*, No. 23-40802 (E.D. Mo. B.R. June 6, 2023). The Court has reviewed the docket in the bankruptcy action and acknowledges that plaintiff listed the value of her home as approximately $350,000 in her petition to the bankruptcy court. Additionally, she listed her home mortgage as a debt in her Chapter 13 bankruptcy petition, in an amount of $131,893.00 to debtor Shell Point Mortgage Servicing. The bankruptcy court, however, did not discharge this debt during the Chapter 13 proceedings. *Id.*

For relief in plaintiff's complaint, she sought to have her "home squared away" and not to be threatened with foreclosure."

**Order to Show Cause**

On November 6, 2023, the Court reviewed plaintiff's complaint pursuant to 28 U.S.C. § 1915 and determined it was subject to dismissal because she failed to allege facts to support the elements of her claims for relief. [ECF No. 4].  In consideration of plaintiff's self-represented status, the Court directed plaintiff to show cause why this action should not be dismissed for failure to state a claim.

Plaintiff filed a one-page response to the Order to Show Cause on November 22, 2023. [ECF No. 5]. Although plaintiff did not assert that Busey had discriminated against her because of her race and age, she alleged that Busey had failed to adhere to the Loan Modification Agreement

---

[4]The current bill from Busey Bank seeks an amount of $2,572.14 from plaintiff. It appears that plaintiff is in arrears on her mortgage payment.

she entered with them in 2017. Plaintiff asserted that Busey was charging her late fees due to her

nonpayment of her mortgage, which in turn, was increasing the cost of her monthly payments.

Additionally, she stated that Busey was failing to provide her the correct payoff amount for her

home loan and access to her escrow account. Last, plaintiff claimed that Busey was "taking the

fees from [her] mortgage payments to use as they want, and [she was] not getting credit for the

$861.42 to lower the balance [of her mortgage]." As noted *supra*, plaintiff attached 150 pages of

documents to her response brief relative to her purported mortgage payments, including a copy of

the Loan Modification Agreement she entered with Busey on March 20, 2017.

### Discussion

To the extent plaintiff asserts that she has been discriminated against by Busey Bank under

the Fair Housing Act due to her age or race, she has not stated a claim for relief. Similarly, plaintiff

has not alleged that Busey's actions were fraudulent under Missouri state law or in violation of the

Fourteenth Amendment. Last, plaintiff has not properly alleged that her rights were violated under

Title VI of the Civil Rights Act of 1964.

#### A.  Fair Housing Act

The FHA makes it unlawful to discriminate against any person in the terms, conditions or

privileges of sale or rental of a dwelling, or in the provision of services or facilities in connection

therewith, on the basis of race, color, religion, sex, familial status, national origin, or handicap. 42

U.S.C. § 3604(b), (f). It also "prohibits property owners and municipalities from blocking or

impeding the provision of housing on the basis of race, color, religion, sex, familial status, or

national origin." *Gallagher v. Magner*, 619 F.3d 823, 831 (8th Cir. 2010) (citing 42 U.S.C. §

3604(a)-(b)). A party asserting a housing discrimination claim under the FHA has the initial burden

5

of proving a prima facie case of discrimination by a preponderance of the evidence. *See Radecki v. Joura*, 114 F.3d 115, 116 (8th Cir. 1997). "A claim of racial discrimination under the FHA must be supported by more than an allegation of harm and membership in a protected class to survive initial review." *Wheatley v. Beasley*, 2021 WL 1667503, at \*3 (E.D. Mo. Apr. 28, 2021).

As to her race and age discrimination claims, plaintiff does not provide any facts to explain how Busey Bank allegedly discriminated against her because of her race or age. In other words, she has not causally connected her race or her age to any alleged discriminatory conduct by Busey. *See Wiles v. Capitol Indem. Corp.*, 280 F.3d 868, 870 (8th Cir. 2002) (stating "the court is free to ignore legal conclusions, unsupported conclusions, unwarranted inferences and sweeping legal conclusions cast in the form of factual allegations"); *Neubauer v. FedEx Corp.*, 849 F.3d 400, 404 (8th Cir. 2017) (stating "[a] pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do"). In fact, plaintiff makes no mention how she was allegedly discriminated against by Busey based on her race or age.[5]

To the contrary, she admits in her response brief that Busey only raised her payments from the $861.42 per month by charging her late fees for nonpayment of her mortgage. Additionally, in the documents produced by plaintiff, of which this Court takes judicial notice of pursuant to Federal Rule of Civil Procedure 10(c), plaintiff was informed on several occasions that real estate taxes, insurance and fees were increasing, and she did not have enough in her escrow account to pay those fees, and that therefore her monthly payment would need to increase to pay the escrow.

---

[5] "[A] complaint needs 'to allege more by way of factual content to nudge [a] claim of purposeful discrimination across the line from conceivable to plausible.'" *Neubaur*, 849 F.3d at 404 (quoting *Iqbal*, 556 U.S. at 683). In other words, a "'federal complaint must contain the 'who, what, when and where' of what happened[.]'" *Drummer v. Corizon Corr. Health Care*, 2016 WL 3971399, at \*1 (E.D. Mo. July 25, 2016).

6

*See, e.g.,* ECF No. 5, pp. 100-102, 160-161. Plaintiff was also informed that she was not carrying hazard insurance on the property and as a result, Busey would have to buy hazard insurance for her (and charge it to her), unless she could show proof of purchase. Additionally, in the loan documents provided to plaintiff, she was informed that as of January 2020, each time she failed to pay less than the monthly payment (at that time of $1,210.54), Busey held the amount she paid in an account until the balance of the partial payments together were enough to pay the full payment amount. *Id*. Thus, each time plaintiff paid the $861.42, she was paying less than the amount due and accruing late fees. *See* ECF No. 5, pp. 160-161. Over the years, this has increased the monthly payment on plaintiff's mortgage to approximately $1,298.60 per month, with an overdue payment of approximately $2,572.14. *See* ECF No. 5, p. 102.

Plaintiff has not alleged any facts showing she was treated differently due to her age or race. As a result, liberally construing plaintiff's complaint, her FHA claims of race and age discrimination against defendant fail to state a claim upon which relief can be granted. The Court will dismiss these claims without prejudice under 28 U.S.C. § 1915(e)(2)(B).

**B. Plaintiff's Claims Brought Pursuant to Title VI of the Civil Rights Act of 1964 and 42 U.S.C. § 1983**

**1. Title VI of the Civil Rights Act of 1964**

Plaintiff asserts that Busey discriminated against her due process and/or equal protection rights under the Fourteenth Amendment and under the "Civil Rights Act of 1965." Because this case deals with housing issues, the Court presumes that plaintiff is referring to Title VI of the Civil Rights Act of 1964 rather than the "Civil Rights Act of 1965," which refers to the Voting Rights Act and is not salient to this case.

Title VI of the Civil Rights Act of 1964, 42 U.S.C. § 2000d *et seq*., provides that no person in the United States shall, on the ground of race, color, or national origin, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving federal financial assistance. Plaintiff has not alleged that Busey receives money from the federal government. Additionally, even if she had alleged that Busey received money from the federal government, plaintiff has not alleged that her loan from Busey was part of a "program or activity receiving federal financial assistance." *See e.g. Steptoe v. Savings of America*, 800 F.Supp. 1542, 1548 (N.D.Ohio 1992) (mortgage lender being bound by or participating in federal programs was not sufficient to give potential borrowers standing to bring action under 42 U.S.C. § 2000d because there was no proof that mortgage lender used any federal funding to finance potential mortgages); *Strykers Bay Neighborhood Council, Inc. v. City of New York*, 695 F.Supp. 1531, 1543 (S.D.N.Y.1988) (42 U.S.C.2000d claim dismissed because construction of luxury housing in an urban renewal area was not federally funded). Additionally, as noted *supra*, plaintiff has failed to allege that because of the loan/mortgage, she was racially discriminated against or discriminated against due to her age. As such, plaintiff's claims under Title VI are subject to dismissal.

## 2.  42 U.S.C. § 1983

To state a claim for relief under 42 U.S.C. § 1983, "a plaintiff must allege sufficient facts to show (1) that the defendant(s) acted under color of state law, and (2) that the alleged wrongful conduct deprived the plaintiff of a constitutionally protected federal right." *Zutz v. Nelson*, 601 F.3d 842, 848 (8th Cir. 2010). Regarding the first element, a defendant can only be held liable pursuant to § 1983 for actions taken under color of state law. *Carlson v. Roetzel & Andress*, 552

F.3d 648, 650 (8th Cir. 2008). *See also Magee v. Trustees of Hamline Univ., Minn.*, 747 F.3d 532, 535 (8th Cir. 2014) (stating that § 1983 "imposes liability for certain actions taken under color of law that deprive a person of a right secured by the Constitution and laws of the United States"); *Sanders v. Sears, Roebuck & Co.*, 984 F.2d 972, 975 (8th Cir. 1993) (stating that § 1983 secures constitutional rights from government infringement, not infringement by private parties); and *Montano v. Hedgepeth*, 120 F.3d 844, 848 (8th Cir. 1997) (stating that pursuant to § 1983, "the challenged conduct must have been committed by one who acts under color of law").

Plaintiff fails to allege that Busey is a state actor or that it acted under color of law. *See Crumpley-Patterson v. Trinity Lutheran Hosp.*, 388 F.3d 588, 590 (8th Cir. 2004) (noting that when a private actor acts under color of law it can be held liable under 42 U.S.C. § 1983). As such, plaintiff's allegations fail to state that Busey violated her due process or equal protection rights.

## C. Plaintiff's Claims for Fraud under Missouri Law

In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Fed.R.Civ.P. 9(b). This already heightened pleading standard in fraud cases is further heightened when a party pleads fraud against a corporation. The requirement of specificity in a fraud action against a corporation requires the plaintiff to allege the names of the persons who made the allegedly fraudulent representations, their authority to speak, to whom they spoke, what they said or wrote, and when it was said or written. *See, e.g., Littlefield v. Edmonds*, 172 S.W.3d 903, 907 (Mo. Ct. App. 2005) (citing *Keefhaver v. Kimbrell*, 58 S.W.3d 54, 60 (Mo. Ct. App. 2001)).

Plaintiff has not indicated who allegedly made a misrepresentation or fraudulent statement to her, when it was made, the person's authority to speak or purportedly change the agreement,

9

what was written or said, or when. As such, she has not indicated how fraud was perpetuated against her. Plaintiff's failure to properly allege fraud under Missouri law is fatal to her claim for relief. *See Stone*, 364 F.3d at 914-15 (refusing to supply additional facts or to construct a legal theory for a self-represented plaintiff).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's complaint is **DISMISSED** as frivolous and for failure to state a claim. 28 U.S.C. § 1915(e)(2)(B).

**IT IS FURTHER ORDERED** that an appeal of this dismissal would not be taken in good faith.

An Order of Dismissal will accompany this Memorandum and Order.

Dated this _28th day of November, 2023.

 

 

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE